**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4557**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOEL ELIAS GONZALEZ,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:15-cr-00084-MR-DLH-1)

Submitted: February 15, 2018                Decided: February 16, 2018

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Elias Gonzalez pled guilty, pursuant to a written plea agreement, to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2012). The district court sentenced Gonzalez to 151 months' imprisonment, at the bottom of his advisory Sentencing Guidelines range. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Gonzalez's counsel has filed a brief certifying that there are no meritorious grounds for appeal, but questioning whether the district court correctly calculated Gonzalez's criminal history category. Although informed of his right to do so, Gonzalez has not filed a pro se supplemental brief. We affirm.

We review the reasonableness of Gonzalez's sentence for abuse of discretion. *United States v. Lymas,* 781 F.3d 106, 111 (4th Cir. 2015). In determining procedural reasonableness, we consider whether the district court properly calculated the Guidelines range, allowed the parties to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall v. United States,* 552 U.S. 38, 49-51 (2007). "In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and its factual findings for clear error," finding clear error only if "on the entire evidence[,] [we] [are] left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014).

*Anders* counsel first challenges the district court's imposition of three criminal history points for Gonzalez's 1999 Illinois obstruction of justice conviction, on the basis that Gonzalez actually served less time than indicated in the presentence investigation

2

report.  This claim is without merit because courts are to look to the term of imprisonment imposed—not the amount of time the defendant actually served—in assessing criminal history points for a prior conviction.  U.S. Sentencing Guidelines Manual § 4A1.2 cmt. n.2 (2015) ("[C]riminal history points are based on the sentence pronounced, not the length of time actually served.").  Because the sentence imposed "exceed[ed] one year and one month," the district court properly assessed three criminal history points for this conviction.  USSG § 4A1.1(a).

Counsel also raises the issue of whether the district court erred in awarding one criminal history point for Gonzalez's 2011 reception of a North Carolina prayer for judgment continued (PJC) for communicating threats.  We conclude that the district court did not err in this regard because Gonzalez admitted guilt for the offense and diversionary dispositions resulting from a finding or admission of guilt are awarded one point.  *See* USSG §§ 4A1.1(c), 4A1.2(f); *Smith v. Gilchrist*, 749 F.3d 302, 305 n.2 (4th Cir. 2014) ("Under North Carolina law, prayer for judgment continued is one of several ways in which a court may direct that judgment be handled following a conviction by verdict or guilty plea." (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Gonzalez, in writing, of the right to petition the Supreme Court of the United States for further review.  If Gonzalez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gonzalez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*